STATE of Missouri ex rel. STATE HIGH-WAY COMMISSION of MISSOURI, Respondent,

v.

Nellie P. MATTOX and Roy L. Mattox, Appellants.

No. 22557.

Kansas City Court of Appeals. Missouri.

Oct. 7, 1957.

———◆———

Edw. F. Aylward, Kansas City, for appellants.

Robt. L. Hyder, Bruce A. Ring, Jefferson City, Alden S. Lance, Pros. Atty., Andrew County, Savannah, for respondent.

BROADDUS, Presiding Judge.

This suit was instituted in the Circuit Court of Holt County by the State Highway Commission to condemn a right-of-way across the defendants' land for a farm to market road. The court appointed commissioners to assess the damages and benefits, and in due time they filed their report assessing defendants total net damages at $300. Defendants filed exceptions to the Commissioners' Report and demanded a jury trial. They also filed an application for a change of venue on the ground that the inhabitants of Holt County were prejudiced against them. The application being sustained the cause was sent to Andrew County, where a trial was had resulting in a verdict in favor of the plaintiff, State Highway Commission. After an unsuccessful motion for a new trial, defendants appealed.

Defendants' farm consists of approximately 140 acres. It is, in fact, owned by Mrs. Mattox and has been in her family for over 50 years. It is located slightly south and west of the town of Bigelow in Holt County. There is an existing road running through the farm. This road has a 40 foot right-of-way with a 20 foot gravel surface. It is maintained by the Bigelow Road District. According to Mr. Mattox, this road has always given adequate service. According to other witnesses, it has not.

The new road will be 24 feet wide from shoulder to shoulder with a 20 foot aggregate surface of crushed stone. The new right-of-way is to be 80 feet wide and the total number of acres plaintiff sought to condemn was 5.09.

The defendant, Roy L. Mattox, testified that he lives in Kansas City, Missouri; that the farm lies in the Missouri River Valley, its soil is extremely fertile, producing on an average of 80 bushels of corn per acre; that defendants have always employed a tenant to farm the land; that there is a grove of walnut trees on the farm and about 16 of these trees will be removed by the condemnation. Mr. Mattox stated that these trees were worth $50 apiece. He placed the reasonable value of the farm at $350 per acre, and stated that its value would not be enhanced by the construction of the new road. As to the walnut trees, his testimony was that they are large enough to be made into lumber. And, under the allegations of the petition, it was expressly stated that "relator does not desire to acquire, take or use any objects capable of being removed from the land described herein, and if any objects are of any value to the respective owners they may remove the same * * *."

Defendants called as a witness Mr. Silas C. Combs. He resides in Mound City and is engaged in the real estate business. He was born and reared in that area, and was familiar with the Mattox farm. He testified that it was reasonably worth $250 an acre and the fact that it will front on the Farm to Market Road will not add to its value.

In addition to its District Engineer, the plaintiff Highway Commission called five witnesses. The first, Mr. Byron Hinkle, testified that he was a farmer and owns land adjoining the Mattox farm. He was reared in that community and knew the value of the Mattox land. He stated that it was reasonably worth $200 an acre, and that its value would be increased ten or fifteen dollars per acre by the construction of the new road.

Mr. Cecil Richardson testified that he resided in Forest City in Holt County and had for 62 years; that he owns several farms in that area and is well acquainted with the farm involved; that it is worth

$200 an acre and the new road would enhance its value $25 per acre.

Mr. Ed Adams also lived in Forest City. He is engaged in the real estate business and has known the Mattox land for 22 years. In his opinion, the land was worth $185 an acre, but that it would be worth fifteen or twenty dollars more per acre by the construction of the new highway.

Mr. Arthur Butcher testified that he had lived in the community for 30 years. His land adjoins the Mattox farm. He gave it as his opinion that the Mattox land was reasonably worth $190 to $200 per acre, and that with the new road built it would be worth $15 an acre more.

The fifth witness, Emil Young, was a farmer and had lived in the community for 9 or 10 years. He testified that the fair market value of the Mattox farm before the taking of the right-of-way was $190 an acre, and that after the taking it would be worth from eighteen to twenty dollars an acre more.

■ Defendants' sole contention is that the whole record demonstrates that the verdict is grossly inadequate, arbitrary and confiscatory and obviously based on passion and prejudice. If that were true we, of course, would be in duty bound to set it aside.

■ We have set out the evidence in some detail. To say the least, plaintiff produced substantial evidence that defendants suffered no damage. Under all the authorities, the weight of the evidence is solely a matter for the jury and the trial court.

■ The mere fact that the jury returned a verdict which awarded defendants no damages does not demonstrate, as defendants seem to think, that the verdict was arbitrary and the result of prejudice. The case of State ex rel. State Highway Commission of Missouri v. Baumhoff, 230 Mo. App. 1030, 93 S.W.2d 104, was a condemnation case in which the jury returned a verdict for plaintiff and awarded the defendant no damages. The court in an exhaustive opinion held that if the amount of damages exceeds the amount of special benefits, the landowner is entitled to the difference, but if the special benefits exceed the total damages, the landowner may recover nothing. In the instant case, plaintiff offered substantial evidence that defendants would receive special benefits vastly in excess of the damages they would sustain. Thus we have no right to disturb the jury's finding.

The judgment is affirmed.

All concur.